Kelsey and Davis agt. Covert.

## SUPREME COURT.

### WILLIAM H. KELSEY and GEORGE J. DAVIS agt. JOHN M. COVERT, survivor, &c.

The notice in the summons, in an action upon an undertaking of bail given to procure the discharge of a party from arrest in a civil action, must be that prescribed by the 2d subd. of § 129 of the Code.

Such an undertaking is not for the payment of money; and the 1st subd. of § 129 is only applicable to an action to enforce a contract for the payment of money.

The proceedings to obtain judgment in an action on such an undertaking, on default of the defendant to answer, must be according to the 2d subd. of § 246 of the Code; and the court may order the damages to be assessed by a jury.

Serving notice of a motion in an action, on the plaintiff's attorney, signed by an attorney, as "att'y. for the def't." is a sufficient notice of appearance by the defendant.

Like notice of the assessment of damages by a jury, on a writ of inquiry, is neces-

sary, as is required on an assessment by the clerk, where the defendant has appeared in the action.

*Steuben Special Term, Nov.* 1857.

MOTION by defendant to set aside the assessment of damages and subsequent proceedings, for irregularity.

J. KERSHNER, *for defendant.*

A. A. HENDEE, *for plaintiffs.*

T. R. STRONG, Justice. The notice in the summons in this action is that prescribed by the 2d subd. of § 129 of the Code, that if the defendant shall fail to answer, the plaintiff will apply to the court for the relief demanded in the complaint. It is the proper notice in the case, as the undertaking of bail on which the action is founded is not for the payment of money, but is that the defendant in the action in which it was given shall, at all times, render himself amenable to the process of the court during the pendency of that action, and to such as might be issued to enforce the judgment therein. (*Code,* § 187.) It is stated therein, that the bail undertake, in a specified sum, but that is to fix an amount beyond which the bail will not be liable; they do not agree to pay that sum, nor are they liable to pay it, unless the damages from their principal not rendering himself amenable to process shall equal that amount. The extent of liability is those damages. The notice in the 1st subd. of § 129, that the plaintiff will take judgment for a sum specified therein, if the defendant fail to answer, is proper only when the action is to enforce a contract for the payment of money.

The case is, therefore, within the 2d subd. of § 246, as to proceedings to obtain judgment on default of the defendant to answer, and the court might, as was done on the application of the plaintiff, order the damages to be assessed by a jury.

The damages were thus assessed upon a writ of inquiry, but without the service of any previous notice of the execution of

the writ, and for the omission to give such notice the defendant seeks to have the assessment of damages and subsequent proceedings set aside as irregular.

The defendant had, before the expiration of the time to answer, served a notice of motion in the action on the plaintiff's attorney, signed by an attorney, as "att'y. for the def't, J. M. Covert," and this was a sufficient notice of appearance. The plaintiff's attorney had also recognized and treated the defendant's attorney as such in the action.

I am satisfied that notice to the defendant's attorney of the execution of the writ of inquiry was necessary. Notice, in this case, might not have been of any particular benefit to the defendant, but no distinction can be made between cases governed by the same provision—one general rule must obtain in respect to all actions for assault and battery, slander, &c., as well as actions like the present. It is obviously just that notice should be given in most cases, that the defendant may have an opportunity to be heard as to the damages, and I cannot think it is contemplated by any part of the Code that notice may be dispensed with. The defendant has a right to appear on the assessment and mitigate the damages, in cases where matter in mitigation exists, in like manner as before the Code. There does not appear to be any express provision in the Code for such notice, but there is nothing inconsistent with it, and I think that under § 469, providing that the rules and practice in force at the adoption of the Code where consistent with it, should continue in force, subject to the power of the respective courts to relax, modify or alter the same, rule 21 of the rules of 1847, as to this point, is in force, and applicable to the case. By that rule, the same notice, in cases where notice is necessary, that is where the defendant has appeared in the action, of executing the writ of inquiry, shall be given as is required on assessment by the clerk. The object of this provision was to make the practice uniform as to notice in cases of assessments by the clerk and assessments by jury, and it will accord with the spirit of the rule to preserve that uniformity by following as to assessments by jury the

change which has been made in the length of notice of assessment by the clerk.

The motion is granted, and $10 costs are allowed to the prevailing party on the motion.